**In re Christina D.**

**No. 87–25 Appeal.**

Supreme Court of Rhode Island.

May 29, 1987.

John Biafore Jr., Warwick, for plaintiff.

Paul L. Foster, Department of Children & Their Family, Mary Judge Nagle, CASA Family Court, Providence, for defendant.

OPINION

PER CURIAM.

This is an appeal from a Family Court judgment that held that petitioner, a court appointed special advocate (CASA) guardian ad litem for a child named Christina, did not have standing to intervene in an adoption proceeding concerning that child.

In February 1985 Christina was removed from her mother's care by the Department for Children and Their Families (DCF) because of neglect and was placed in a foster home. The DCF was awarded custody of Christina. A private attorney was appointed guardian ad litem for Christina and approved of her placement in this foster home.

In March 1986, however, that attorney was replaced by a CASA guardian ad litem, pursuant to a Family Court directive.

The DCF petitioned for the termination of parental rights, and by June 1986 both the mother and the father had voluntarily terminated their parental rights.

The foster parents then filed a petition for adoption. At the adoption hearing on November 19, 1986, the guardian ad litem sought to object to the adoption. However, the Family Court justice ruled that the guardian ad litem had no standing to object since DCF was the only party authorized to give or withhold consent to an adoption once parental rights to the child had been terminated. The Family Court justice then granted respondent's adoption petition.

The evidence that the guardian felt compelled to introduce concerned an earlier removal of a child from these same foster parents owing to institutional neglect.

The guardian argues here that a denial of standing to object to an adoption petition is inconsistent with the principle of independent advocacy for children in DCF custody set forth in G.L. 1956 (1984 Reen-

actment) § 40–11–14 and is inconsistent with the statutory pattern requiring independent input in determining what course of action is in the best interests of the child. We agree.

We very strongly disagree with the Family Court justice's interpretation of G.L. 1956 (1981 Reenactment) § 15–7–6 and ultimate conclusion that the guardian ad litem no longer has standing once the termination petition is granted.

 Section 40–11–14 clearly provides for the appointment of a CASA guardian ad litem to represent the child's interests in court proceedings and once that appointment is made, the representation continues until the adoption petition is granted. Section 15–7–6 concerns the issue of consent to the adoption petition. The waiver or relinquishment of the parents' rights to consent to adoption under § 15–7–6 and the designation of "the agency" as "the sole party to give or withhold consent" remove the consent issue from the adoption proceeding. However, the major focus that clearly still remains to be decided at the adoption proceeding is the issue of whether this adoption is in the best interests of the child. It is inconceivable that the guardian ad litem, appointed to represent the child's interests, would be denied the opportunity to convey those interests to the trial justice in a proceeding in which the ultimate focus is the best interests of the child.

 We hold then that it was error for the trial justice to have denied standing to the guardian ad litem. However, based upon our review of the record and papers in the case and having heard arguments of counsel, we feel that the inclusion of this evidence would not have changed the outcome of the adoption petition. Therefore, keeping in mind the best interests of the child, there is no need in this particular

case to disturb the Family Court justice's grant of the adoption petition.[1]

---

1. Although this matter originally came before this court on the motion calendar, the members were of the opinion that the question of a CASA guardian ad litem's standing to represent a child in an adoption proceeding was of considerable importance and thus deserving of comment. We therefore decided to issue this opinion rather than issue an order summarily affirming the granting of the petition for adoption.